IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| US WIND INC., | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. SAG-19-02984 |
| | * | |
| INTERMOOR, INC., | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

This case (and its related cases) involve a complex dispute regarding the parties' maritime services contract. The parties have engaged in written discovery in advance of an upcoming May 31, 2021 discovery deadline, though no depositions have occurred to date. ECF 88. On January 5, 2021, Plaintiff US Wind Inc. ("US Wind") filed a motion seeking leave to file a Second Amended Complaint. ECF 75. Defendant Intermoor, Inc. ("Intermoor") opposed the motion, ECF 81, and US Wind filed a reply, ECF 90. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth herein, US Wind's motion will be granted, and the Clerk will be directed to docket the Second Amended Complaint.US Wind seeks to amend its complaint to add another defendant, American Global Maritime, and to amend the facts it alleges against Intermoor to comport with expert testimony that has been adduced in discovery. ECF 75. Intermoor posits that US Wind should not be permitted to amend its complaint because it missed the Court-imposed deadline for moving to join additional parties or amend pleadings. ECF 81. Intermoor contends that US Wind's failure to meet that deadline resulted from its lack of diligence, and that US Wind has not established the requisite good cause to amend at this later date. *Id.*

This case highlights the tension between two applicable Federal Rules of Civil Procedure.[1] Although Rule 15(a)(2) advocates that the Court should "freely" afford parties leave to amend, Rule 16(b)(4) dictates that a scheduling order set by the Court "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). Here, the applicable scheduling order set October 19, 2020 as the deadline for "[m]oving for joinder of additional parties and amendment of pleadings." ECF 59. US Wind's motion seeking leave to amend was filed after that date.

In *Nourison*, like in the instant case, a party sought amendment of its pleading after the expiration of the deadline in the scheduling order. *Id.* at 297. The Fourth Circuit noted that, "Given their heavy case loads, district courts require the effective case management tools provided by Rule 16." *Id.* at 298. Accordingly, the Fourth Circuit explained that the party seeking to modify the scheduling order must meet the good cause requirement of Rule 16(b)(4), before the Court can consider the traditional standard for amendment of a pleading in Rule 15(a)(2). *Id.* ("[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings."); *see also Cook v. Howard*, 484 F. App'x. 805, 814-15 (4th Cir. 2012) ("[U]nder Rule 16(b)(4), a party must first demonstrate 'good cause' to modify the scheduling order deadlines, before also satisfying the Rule 15(a)(2) standard for amendment."). To establish good cause, the party seeking to amend the scheduling order must "'show that the deadlines cannot reasonably be met despite the party's diligence,' and whatever other factors are also considered, 'the good-cause standard will not be satisfied if the [district] court concludes that

---

[1] In theory, Fed. R. Civ. P. 21 is a third potentially applicable rule of civil procedure. It provides, "On motion or on its own, the court may at any time, on just terms, add or drop a party." *Id.* Neither party comprehensively assesses US Wind's motion under the Rule 21 standard but, for the reasons described herein, this Court finds the addition of American Global Maritime at this stage of the litigation to be just.

the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule.'" *Cook*, 484 F. App'x at 815 (quoting 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1522.2 (3d ed. 2010)).

Here, US Wind seeks to amend its complaint roughly ten weeks after the deadline in the scheduling order. In response to Intermoor's charge of lack of diligence, US Wind notes that the relevant facts underlying its desire to amend became evident during the discovery process, particularly as a result of the exchange of expert reports, and that it promptly sought leave to amend once those facts were clear. ECF 90. Intermoor counters that US Wind could have performed its discovery obligations more expeditiously, which would have allowed it to meet the Court's deadline. ECF 81.

US Wind's position is persuasive. In *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372 (D. Md. 2002), the Court specified that:

> [t]he primary consideration of the Rule 16(b) "good cause" standard is the diligence of the movant. Lack of diligence and carelessness are "hallmarks of failure to meet the good cause standard." *West Virginia Housing Dev. Fund v. Ocwen Technology Xchange, Inc.*, 200 F.R.D. 564, 567 (S.D.W.Va.2001). "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Marcum*, 163 F.R.D. at 254, quoting *Johnson*, 975 F.2d at 609.

*Id.* at 374. It is true that, like the parties in most cases, US Wind could have acted more expeditiously and aggressively throughout the discovery process. It could have allocated enormous resources to conduct an expedited review of the voluminous discovery produced by Intermoor, rather than reviewing the production at a more moderate pace. There is a distinct difference, though, between the feasibility of faster action and a "lack of diligence." US Wind was not late in responding to any discovery, did not delay inappropriately in any way the discovery

3

process, and timely submitted its expert opinions during the parties' exchange in November and December, 2020. US Wind first submitted its proposed Second Amended Complaint to Intermoor in late December, 2020, shortly after the exchange of expert reports concluded. On those facts, it appears US Wind acted promptly and diligently once the information from the expert reports became known, and this Court finds "good cause" under Rule 16(b) for its slightly belated motion for leave to amend.

Next, then, this Court turns to the applicable standard for a party seeking leave to amend a pleading.[2] Federal Rule of Civil Procedure 15 provides that a party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, the Rule requires courts to "freely give leave when justice so requires." *Id.* The Fourth Circuit's policy is "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Accordingly, leave to amend should be denied only if "prejudice, bad faith, or futility" is present. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509-10 (4th Cir. 1986) (interpreting *Foman v. Davis*, 371 U.S. 178 (1962)); *Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012). Ultimately, the decision to grant leave to amend rests in this Court's discretion. *Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc).

Turning to the three factors that can justify denial of leave to amend a pleading, prejudice is "[p]erhaps the most important factor" to consider. *Class Produce Group, LLC v. Harleysville Worcester Ins. Co.*, No. SAG-16-3431, 2018 WL 5785664, at *3 (D. Md. Nov. 5, 2018) (quoting WRIGHT, MILLER, & KANE, supra, § 1487). Prejudice is "often determined by the nature of

---

[2] This Court notes that Intermoor's sole argument is that the Rule 16(b) good cause standard was not met. Intermoor does not argue that the Rule 15 standards of prejudice, bad faith, or futility apply, perhaps in recognition that those elements are not present here.

the amendment and its timing." *Laber*, 438 F.3d at 427.  An amendment can cause undue prejudice when it "raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party [and] . . . the amendment is offered shortly before or during trial." *Johnson*, 785 F.2d at 510 (citations omitted).  Conversely, a proposed amendment carries little prejudice "if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." *Laber*, 438 F.3d at 427 (citing *Davis*, 615 F.2d at 613).

In this case, very little prejudice would accrue to Intermoor from the proposed amendment.  While a new party will be added to the case, discovery remains ongoing and is scheduled to continue for several months, so it may be that no adjustment to the schedule is required.  The parties have not yet conducted any depositions that might have to be retaken.  No trial date has been set.  To the extent some additional written discovery might be required, it can be easily accommodated in the existing schedule or with a minimal extension.

Moreover, as discussed above, US Wind did not delay seeking this amendment in bad faith, and its legal position cannot be viewed as futile.  Thus, none of the three bases for denying leave to amend are present in this case.

### Conclusion

For the reasons set forth above, US Wind's Motion for Leave to File a Second Amended Complaint, ECF 75, will be GRANTED.  A separate Order follows.


Dated:  February 16, 2021                                      /s/
                                                    Stephanie A. Gallagher
                                                    United States District Judge