IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| US WIND INC., | * | |
| Plaintiff / Counter-Defendant | * | |
| v. | * | Civil Case No. SAG-19-02984 |
| INTERMOOR, INC., | * | |
| Defendant / Counter-Plaintiff. | * | |

## MEMORANDUM OPINION

Plaintiff US Wind Inc. ("US Wind"), the developer of a windfarm off the coast of Ocean City, Maryland, brought this action against Defendant InterMoor, Inc. ("InterMoor") for (1) breach of contract; (2) breach of warranty; (3) rescission of contract; (4) unjust enrichment; and (5) tortious interference with prospective economic relationships. *See* ECF 75-2. Three of these claims plus three counterclaims remain, and this matter is set to begin trial on Monday, October 2, 2023. Currently pending are InterMoor's third and fifth motions *in limine*. ECF 207. This Court held a pretrial conference on September 8, 2023, during which it heard argument on these motions. ECF 227. For the reasons explained below, the Court grants both of InterMoor's remaining motions *in limine*.

I.   FACTUAL BACKGROUND

This Court's memorandum opinion on InterMoor's partial motion for summary judgment, ECF 194, contains a comprehensive discussion of the factual background of this case. At a high level, though, US Wind and InterMoor entered a contractual relationship on July 29, 2019, for the installation of a Meteorological Mast ("Met Mast") offshore of Ocean City, Maryland. ECF 221

at 27. A lift boat named the *Great White* was to transport the Met Mast from Louisiana to the project site later that summer. ECF 174-8; ECF 174-9. Delays and challenging weather conditions that the *Great White* encountered ultimately led to US Wind calling off the project. ECF 93 ¶ 63; ECF 174-30; ECF 221 at 27.

The parties took steps to terminate their agreement. US Wind believed that InterMoor breached the contract and considered it to be a default termination, ECF 174-20, whereas InterMoor interpreted US Wind's actions as a voluntary termination. ECF 174-16 at 2. The parties also disputed whether and when the Met Mast was to be dropped off in Baltimore or journey back to Louisiana on the *Great White*. ECF 174-24 at 2; ECF 174-27 at 2; ECF 174-21 at 3. Ultimately, no arrangements were made for the Met Mast to be unloaded, and it continued back to Louisiana. ECF 174-25 at 2. After litigation in multiple U.S. district courts, US Wind eventually retrieved the mast and associated property, ECF 174 at 26, but the 2019 installation of the Met Mast had failed.

In bringing this action, US Wind has sought damages as well as "reimbursement for its reasonable attorney fees and costs of litigation incurred in this action and all related actions, including actions which were or are being litigated in [several federal and state courts] and any further related actions that have been or will be instituted by the parties." ECF 93 ¶ 201.

II.     **LEGAL STANDARD**

"A motion *in limine* is a request for guidance by the court regarding an evidentiary question." *Hunt Valley Baptist Church, Inc. v. Baltimore Cnty.*, No. 17-CV-804, 2018 WL 2717834, at *7 (D. Md. June 6, 2018) (quoting *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983)). Typically, pretrial motions *in limine* seek to exclude prejudicial evidence before it is offered at trial. *Changzhou Kaidi Elec. Co., Ltd. v. Okin Am., Inc.*, 102 F. Supp. 3d 740, 745 (D. Md. 2015) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)). These motions help to

streamline a case by allowing a court to avoid "lengthy argument at, or interruption of, the trial." *Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.*, 652 F. Supp. 1400, 1401 (D. Md. 1987); *see also Changzhou Kaidi*, 102 F. Supp. 3d at 745 ("[Motions *in limine*] are 'designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.'" (quoting *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013))). Motions *in limine* further promote judicial efficiency by preserving the issues raised for appeal and eliminating the need for parties to renew their objections at trial, "just so long as the movant has clearly identified the ruling sought and the trial court has ruled upon it." *United States v. Williams*, 81 F.3d 1321, 1325 (4th Cir. 1996); *see* FED. R. EVID. 103(a); *cf.* R. 103(a) advisory committee's note to 2000 amendment (acknowledging that Rule 103(a) "applies to all rulings on evidence . . . including so-called '*in limine*' rulings").

Generally, courts should grant a motion *in limine* "only when the evidence is clearly inadmissible on all potential grounds." *Dorman v. Anne Arundel Med. Ctr.*, No. 15-1102, 2018 WL 2431859, at *1 (D. Md. May 30, 2018) (quoting *Emami v. Bolden*, 241 F. Supp. 3d 673, 681 (E.D. Va. 2017)). Ultimately, rulings on these motions fall within the trial court's "broad discretion." *Kauffman v. Park Place Hospitality Grp.*, 468 F. App'x 220, 222 (4th Cir. 2012); *see also United States v. Johnson*, 617 F.3d 286, 292 (4th Cir. 2010) (noting that evidentiary rulings fall within a trial court's discretion).

### III. ANALYSIS

#### A. INTERMOOR'S MOTION IN LIMINE NO. 3

InterMoor moves to exclude evidence of attorneys' fees and litigation costs "unrelated to the actual prosecution of this case" because such fees must be proved at trial as an element of damages, and US Wind "wrongly withheld such evidence" during pretrial discovery and

disclosure. ECF 207 at 12. In its written opposition, US Wind argues (1) that lawsuits originating from other courts are essentially "one and the same" to the present litigation; (2) the Master Services Agreement ("MSA") contains a prevailing party provision that allows cost recovery "in any litigation relating to this Agreement," and such a clause may be treated as a collateral matter post-trial, not as an element of damages; and (3) US Wind put InterMoor on notice of its intent to seek attorneys' fees and costs in its discovery responses. ECF 212 at 3–6.

The parties agree that the prevailing party in this litigation will be able to seek attorneys' fees from this Court in a collateral proceeding after the trial. The dispute here is about the scope of the fees that can be sought via that process. *See* FED. R. CIV. P. 54(d)(2); *Carolina Power & Light Co. v. Dynegy Mktg. & Trade*, 415 F.3d 354, 358 (4th Cir. 2005), *abrogated on other grounds by Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emps.*, 571 U.S. 177 (2014) (describing "a division in the handling of attorneys fees claims between claims that are not part of the underlying substantive claim, which must be made by motion, and claims that are an element of damages, which presumably must be made by complaint"). This Court need not decide, at this juncture, whether the lawsuits involving US Wind in other courts are "one and the same" with this action and whether the fees associated with those other cases can be awarded collaterally under the prevailing party provision in this case. Because US Wind did not provide evidence of those attorneys' fees during the discovery process in this case, it cannot include any evidence of such fees as part of its presentation to the jury in the upcoming trial. Should US Wind prevail at trial, this Court subsequently will decide the scope of any award appropriate under the MSA's prevailing party provision. It may be that this Court would determine, at that time, that some of the fees associated with lawsuits outside this one had to be sought as damages before the jury and are not sufficiently related to this action to be properly

awarded to US Wind as a prevailing party. If such a ruling is made, US Wind will have forfeited its opportunity to recoup those particular fees. Either way, however, the Court will exclude that type of damages evidence in the upcoming trial, either because those damages have been forfeited by US Wind's failure to disclose them in discovery or because they will be properly considered as part of US Wind's possible post-trial motion for fees. InterMoor's Motion in Limine No. 3 will therefore be granted in that the fee-related evidence will be excluded at trial, but this Court will decide during post-trial proceedings, if necessary, whether those fees are recoverable.

B.   **INTERMOOR'S MOTION IN LIMINE #5 (ECF No. 207)**

InterMoor also seeks to exclude argument or evidence by US Wind that InterMoor's retention and attachment[1] of the Met Mast post-termination of the MSA was legally improper because US Wind waived that argument in the relevant proceedings filed in the Eastern District of North Carolina ("NC Action") to retrieve the Met Mast. ECF 207 at 22–23. US Wind disputes that it waived any argument and asserts that it did in fact resist InterMoor's intervention and attachment of the Met Mast in the NC Action. ECF 212 at 7–9.

The Court will grant InterMoor's motion to exclude this evidence because it does not appear relevant to the underlying contractual dispute and tort claim and would likely confuse the issues, mislead the jury, and/or waste time. *See* FED. R. EVID. 401-403. The parties do not dispute that US Wind is free to argue tortious interference with prospective economic relationships, in that US Wind may introduce evidence of its request to InterMoor to offload the Met Mast in Baltimore and InterMoor's refusal to comply with that request. ECF 222 at 9. As that evidence appears

---

[1] "Attachment" refers to the legal process in maritime law that allows a party to assert jurisdiction over a defendant's property even though the court has no jurisdiction over the defendant. *See* FED. R. CIV. P. SUPP. R. B.

squarely relevant to US Wind's tortious interference claim, so too might evidence about the procedures US Wind undertook to finally retrieve the Met Mast (such as filing the NC Action) or internal conversations at InterMoor about its response to US Wind's demands to offload the Met Mast. *See id.* On the other hand, it is unclear how the *legal propriety* of InterMoor's attachment of the Met Mast in the NC Action makes a *fact* of consequence in this case any more or less probable. FED. R. EVID. 401. But even if somehow probative, such evidence would necessarily involve a complex dive into admiralty law and is thus highly likely to confuse the issues, mislead the jury, and waste time. FED. R. EVID. 403. For this reason, the Court will exclude this evidence or argument at trial. US Wind may refer to InterMoor's actions with respect to the Met Mast but not delve into the legality of them.

## IV.     CONCLUSION

For the foregoing reasons, InterMoor's third and fifth motions *in limine* will be granted as described herein. ECF 207. A separate order follows.


Dated: September 13, 2023                             /s/
                                            Stephanie A. Gallagher
                                            United States District Judge